UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKINZIE T.,<br>　　　　Plaintiff,<br>　v.<br>KILOLO KIJAKAZI,<br>　　　　Defendant. | Case No. 20-cv-06932-DMR<br><br>**ORDER RE MOTION FOR SUMMARY JUDGMENT AND MOTION FOR REMAND**<br><br>Re: Dkt. Nos. 21, 26 |

Plaintiff Mickinzie T. moves for summary judgment to reverse the Commissioner of the Social Security Administration's (the "Commissioner's") final administrative decision, which found Plaintiff not disabled and therefore denied her application for benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 et seq. [Docket No. 21 ("Pltf. Mot."), 27 ("Reply").] Plaintiff's requested remedy is a remand for award of benefits. *See* Pltf. Mot. at 13, 24-25; Reply at 14. The Commissioner concedes that the final administrative decision must be reversed, but moves the court to remand for further proceedings, not for an award of benefits. [Docket No. 26 ("Def. Mot.") at 1-2.] For the reasons stated below, the court GRANTS Plaintiff's motion for summary judgment and request for a remand for award of benefits and DENIES the Commissioner's motion for a remand for further proceedings.

## I.　PROCEDURAL HISTORY

Plaintiff filed an application for Social Security Disabled Adult Child and Supplemental Security Income benefits on January 9, 2017, alleging disability beginning February 29, 2012. Administrative Record ("A.R.") 78, 100-01, 288-313. The application was initially denied on June 21, 2017 and again on reconsideration on September 1, 2017. A.R. 176-87, 189-96. An Administrative Law Judge ("ALJ") held a hearing on June 6, 2019 and issued an unfavorable decision on August 26, 2019. A.R. 12-27, 35-72. The ALJ determined that Plaintiff has the

following severe impairments: degenerative disc disease, pseudotumor cerebri, depression, bipolar disorder, and anxiety. A.R. 18. The ALJ found that Plaintiff retains the following residual functional capacity ("RFC"):

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs, and never climb ladders, ropes, or scaffolds. She must avoid jobs that require good peripheral vision. She can perform simple, routine tasks, with few changes in the work routine. She can do work that is task-oriented but not performed at production pace, and can tolerate occasional public contact.

A.R. 19-20.

Relying on the opinion of a vocational expert ("V.E.") who testified that an individual with such an RFC could not perform Plaintiff's past work but could perform other jobs existing in significant numbers in the national economy, including housekeeping cleaner, photocopy machine operator, and packing line worker, the ALJ concluded that Plaintiff is not disabled. A.R. 25-27, 67-68.

After the Appeals Council denied review, Plaintiff sought review in this court pursuant to 42 U.S.C. § 405(g). In her motion for summary judgment, Plaintiff raised several grounds for reversal of the ALJ's decision, including that the ALJ erred in her evaluation of the medical opinions of the state agency non-examining psychological consultants, Dr. Borton and Dr. Morris. *See* Pltf. Mot. at 10-13. Plaintiff requested the court remand for an immediate award of benefits. *See* Pltf. Mot. at 13, 24-25. In response, the Commissioner filed a motion for remand, stating that the parties agreed that the ALJ erred in her assessment of the state agency psychologists' opinions, and therefore remand was warranted, but the parties could not stipulate to the appropriate type of remand. Def. Mot. at 1-2. Plaintiff maintains that the remand should be for an immediate award of benefits, while the Commissioner argues the remand should be for further proceedings. Reply at 14; Def. Mot. at 1-2.[1]

---

[1] Because the parties agree that remand is warranted based on the ALJ's error in evaluating the state agency psychologists' opinions, and the court finds that error warrants an immediate award of benefits, the court does not reach Plaintiff's other contentions of error.

2

## II. ISSUES FOR REVIEW

1. Whether the ALJ's error in assessing the medical opinions of Dr. Borton and Dr. Morris warrants remand for an immediate award of benefits or for further proceedings.

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla, but less than a preponderance." *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir.1996) (internal quotation marks and citation omitted). When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation marks and citation omitted).

If the evidence reasonably could support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (internal quotation marks and citations omitted).

## IV. DISCUSSION

As noted above, the parties agree that the ALJ erred in assessing the medical opinions of Dr. Borton and Dr. Morris, and that this error warrants remand. *See* Def. Mot. at 1-2; Reply at 1. Accordingly, the only issue remaining is the type of remand. Plaintiff argues that a remand for immediate award of benefits is appropriate, while the Commissioner argues that the case should be remanded for further proceedings. Pl. Mot. at 13, 24-25; Def. Mot. at 1-2, Reply at 14. The court

1   agrees with Plaintiff that the proper remedy is a remand for immediate award of benefits.

### A.     Legal Standard

A court may remand a disability case for further proceedings "if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citation omitted). It may only remand for benefits, on the other hand, "where the record has been fully developed and further administrative proceedings would serve no useful purpose." *Id.* (citations omitted). In determining whether to remand for benefits, the Ninth Circuit has devised a "three-part credit-as-true standard." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Each part of the standard must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* (citations omitted). A court is required to remand for further development of a disability case when, "even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id*. at 1021.

### B.     Analysis

Dr. Borton and Dr. Morris were the state agency psychologists who reviewed Plaintiff's application for benefits at the initial and reconsideration levels. *See* A.R. 88-96, 136-42. Both opined that Plaintiff has moderate limitations in all four major categories of intellectual functioning. A.R. 88, 136. In assessing Plaintiff's residual functional capacity, both psychologists opined that Plaintiff is not significantly limited in her ability to understand, remember, and carry out very short and simple instructions, but is moderately limited in her ability to understand, remember, and carry out detailed instructions. A.R. 93, 140-41. They also opined that Plaintiff is moderately limited in her abilities to maintain attention and concentration for extended periods, perform activities within a schedule, perform at a consistent pace without an unreasonable number and length of rest breaks, and interact appropriately with the general public. A.R. 93-94, 141.

4

Asked to explain these limitations in narrative form, the psychologists opined that Plaintiff is able to "understand, remember, and carry out" and "maintain [concentration, persistence, and pace] to sustain" "simple, unskilled 1-2 step tasks over an 8/hr workday, 40 hr workweek." A.R. 93, 140-41. Dr. Borton and Dr. Morris also explained that Plaintiff should be limited to occasional contact with the general public. A.R. 94, 141.

In her decision, the ALJ gave "great weight" to Dr. Borton's and Dr. Morris's opinions that Plaintiff "could perform simple, unskilled, 1 to 2 step tasks, and have occasional public contact." A.R. 24. The ALJ found these opinions "largely consistent with conservative mental health treatment notes and consultative findings, and supported by consultative examination findings, regularly normal mental health examinations, and numerous activities of daily living." A.R. 24. However, despite giving these opinions great weight, the ALJ did not incorporate the state agency psychologists' limitation to "1 to 2 step tasks" into Plaintiff's RFC. *See* A.R. 19-20.

Applying these facts to the three-part credit-as-true standard, the parties agree that the ALJ erred in failing to provide legally sufficient reasons for rejecting the state agency psychologists' limitation to one to two step tasks. *See* Def. Mot. at 1-2; Reply at 1. Therefore, the second part of the credit-as-true standard is satisfied. *See Garrison*, 759 F.3d at 1020. Plaintiff argues, and the Commissioner does not dispute, that the V.E.'s testimony at the hearing established that if the limitation to one to two step tasks was added to Plaintiff's RFC, then she would not be able to perform any jobs existing in significant numbers in the national economy. *See* Pltf. Mot. at 13, 25; A.R. 68-69. The third part of the credit-as-true standard is therefore also satisfied. *See Garrison*, 759 F.3d at 1020. The parties' dispute, therefore, centers on the first part of the credit-as-true standard: whether "the record has been fully developed and further administrative proceedings would serve no useful purpose." *Garrison*, 759 F.3d at 1020. Plaintiff argues that this part is satisfied as well, but the Commissioner disagrees. Reply at 1, 14; Def. Mot. at 3-5.

In arguing that further proceedings would be useful, the Commissioner primarily argues that the ALJ also gave "great weight" to four other medical opinions that did not impose a limitation to one to two step tasks, thereby creating a conflict that needs to be resolved on remand. Def. Mot. at 4-5. The court disagrees. One of the medical opinions cited by the Commissioner

5

consists solely of vague generalized statements about Plaintiff's abilities without any detailed assessment of Plaintiff's limitations in the various categories of mental functioning. *See* Def. Mot. at 4; A.R. 23, 2475. This opinion does not specify the complexity of tasks Plaintiff is capable of performing on a consistent basis and is too vague to create a conflict with the state agency psychologists' specific limitation to one to two step tasks. *See* A.R. 93, 140-41, 2475. The other three medical opinions are consultative examinations that found Plaintiff was able to understand, remember, and carry out "simple" tasks. *See* Def. Mot. at 4-5; A.R. 23-24, 1086, 2392, 2511. But this is perfectly consistent with the opinions of the state agency psychologists, who also found that Plaintiff is not significantly impaired in her ability to understand, remember, and carry out simple tasks. A.R. 93, 140-41. The only difference is that, in their more detailed narratives, Dr. Borton and Dr. Morris specified exactly how "simple" the tasks must be for Plaintiff to be able to understand, remember, and carry them out on a sustained basis: one to two steps. *See* A.R. 93, 140-41. While it is true that including this specification makes the state agency psychologists' opinions more restrictive, to the extent there is any actual conflict between this specific limitation and the other medical opinions, the ALJ resolved this conflict by expressly noting the more specific limitation, finding the more specific limitation consistent with and supported by the record, and giving the more specific limitation "great weight." *See* A.R. 24.

Put another way, the Commissioner argues for a remand so the ALJ can "address [the state agency psychologists'] opinions and explain what limitations she found supported and why." Def. Mot. at 3-4. But that work has already been done. The ALJ already addressed those opinions and, even after consideration of the other persuasive opinions in the record, specifically found that the state agency psychologists' limitation to one to two step tasks is consistent with and supported by the record and is worthy of great weight. *See* A.R. 23-24.[2]

---

[2] The court rejects the Commissioner's claim that the state agency psychologists' opinions are unclear because they do not note the one to two step task limitation in the sections of their opinions assessing whether Plaintiff's impairments equal a listed impairment. *See* Def. Mot. at 3-4; A.R. 88, 137. A psychiatric listings assessment is a less detailed assessment than a psychiatric RFC assessment, and the limitation to one to two step tasks is clearly present in the more detailed RFC assessments. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *4 (S.S.A. July 2, 1996); A.R. 93, 140-41. Moreover, the ALJ's decision does not reflect any confusion about whether Dr. Borton and Dr. Morris assessed this limitation. *See* A.R. 24.

The only thing further proceedings would allow would be an opportunity for the ALJ to change her original determination and find reasons *not* to give the one to two step task limitation great weight, in order to still find Plaintiff disabled. This is exactly the sort of "mulligan" that the Ninth Circuit has held to not be a valid reason for further proceedings. *See Garrison*, 759 F.3d at 1021 ("Although the Commissioner argues that further proceedings would serve the 'useful purpose' of allowing the ALJ to revisit the medical opinions and testimony that she rejected for legally insufficient reasons, our precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first part of credit-as-true analysis.") (citations omitted).[3]

Accordingly, the court finds that the credit-as-true standard is satisfied. The Commissioner does not point to any specific evidence in the record that creates a "serious doubt" that Plaintiff is disabled, besides the alleged conflicts in the record that the court has already found insufficient to warrant further proceedings. *See* Def. Mot. at 8; *Garrison*, 759 F.3d at 1021. Remand for an immediate award of benefits is therefore warranted.

## V.  CONCLUSION

For the foregoing reasons, the court grants Plaintiff's motion for summary judgment, denies the Commissioner's motion for remand for further proceedings, and remands this case for an immediate award of benefits.

**IT IS SO ORDERED.**

Dated: January 5, 2022

Donna M. Ryu
United States Magistrate Judge

---

[3] The court also rejects the Commissioner's brief argument that Plaintiff's ability to do some work during part of the relevant period warrants further proceedings. *See* Def Mot. at 7. The Commissioner concedes that this work did not rise to the level of substantial gainful activity, *see id.*; A.R. 18, and so there is no conflict between this limited work and the conclusion that Plaintiff is disabled.

7