UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKINZIE T.,<br><br>        Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br><br>        Defendant. | Case No. 20-cv-06932-DMR<br><br>**ORDER ON MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 30 |

Plaintiff Mickinzie T. moves the court pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of attorneys' fees after securing a remand to the Social Security Administration ("SSA") for an immediate award of disability benefits on January 5, 2022. *See Mickinzie T. v. Kijakazi*, No. 20-CV-06932-DMR, 2022 WL 44694 (N.D. Cal. Jan. 5, 2022). Kilolo Kijakazi, the Commissioner of Social Security, opposes the motion. This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the reasons given below, the court grants Plaintiff's motion.

**I.    BACKGROUND**

Plaintiff filed an application for Social Security Disabled Adult Child and Supplemental Security Income benefits in January 2017. The SSA denied the application in June 2017 and again on reconsideration in September 2017. She then appealed to an Administrative Law Judge who found her not disabled on August 26, 2019. After the Appeals Council denied her request for review, Plaintiff filed this action, seeking judicial review on numerous grounds. On January 5, 2022, the court granted Plaintiff's motion for summary judgment, denied the Commissioner's motion for summary judgment, and remanded the case for an immediate award of benefits. *Mickinzie T.*, 2022 WL 44694, at *4-5.

Plaintiff timely filed the pending motion for EAJA fees in the amount of $15,631.79.

1  [Docket No. 30.] In her reply brief, Plaintiff asks for an additional $1,957.86 in fees for litigating
2  the current motion. [Docket No. 32.]

## II. LEGAL STANDARD

The EAJA provides for an award of attorneys' fees to prevailing parties in cases seeking judicial review of federal agency action:

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) [and] that no 'special circumstances make an award unjust.'" *Comm'r v. Jean*, 496 U.S. 154, 158 (1990).

To be deemed the prevailing party under the EAJA, a plaintiff must demonstrate that "(1) as a factual matter, the relief sought by the lawsuit was in fact obtained as a result of having brought the action, and (2) there was a legal basis for the [plaintiff's] claim." *Andrew v. Bowen*, 837 F.2d 875, 877-78 (9th Cir. 1988) (citation omitted). The government's position is substantially justified if the government proves that it has a "reasonable basis in law and fact." *Hardisty v. Astrue*, 592 F.3d 1072, 1079 (9th Cir. 2010) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *accord Yang v. Shalala*, 22 F.3d 213, 217 (9th Cir. 1994) (citation omitted). This analysis focuses on "the particular issue on which the claimant earned remand" and not on whether the government's ultimate determination was substantially justified. *Hardisty*, 592 F.3d at 1078 (citation omitted).

## III. DISCUSSION

In this case, there is no dispute that Plaintiff qualifies as a prevailing party because her suit secured a remand of the SSA's final administrative decision. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for

1    the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of
2    whether disability benefits ultimately are awarded."). The Commissioner does not contend that
3    her position here was substantially justified or that special circumstances make an award unjust.
4    Therefore, Plaintiff is entitled to an award as a prevailing party under 28 U.S.C. § 2412(d).

5    When awarding a party attorneys' fees pursuant to the EAJA, the court must determine the
6    reasonableness of the fees sought. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). This
7    inquiry generally entails determining "the number of hours reasonably expended on the litigation
8    multiplied by a reasonable hourly rate." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433
9    (1983)). An award may be reduced if the movant provided inadequate documentation of the fees
10   requested, the hours spent by counsel were unreasonable, or the movant achieved "limited
11   success" in the litigation. *Id.* at 1146-47 (citing *Hensley*, 461 U.S. at 433-34, 436-37).

12   Plaintiff submits declarations from the two attorneys who worked on her case: Ralph
13   Wilborn, who billed 67.75 hours of time on this matter, plus an additional nine hours for
14   preparation of the reply on this motion; and David J. Linden, who billed 4.3 hours of time on this
15   matter. [Docket Nos. 30-2 (Wilborn Decl., Mar. 10, 2022); 30-3 (Linden Decl., Mar. 10, 2022);
16   32-1 (2d Wilborn Decl., Apr. 4, 2022).] Plaintiff seeks the statutory mandated hourly rates, which
17   are $217.54 for work performed in 2021 and $207.78 for work performed in 2020. Mot. 5-6
18   (citing https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Sept. 25,
19   2022)).

20   The Commissioner does not dispute the hourly rate for either Wilborn or Linden. Nor does
21   she dispute the reasonableness of the hours requested by Linden. Rather, she generally objects to
22   the hours billed by Wilborn as "excessive" for what she describes as a "routine case, particularly
23   given the "considerable experience" of counsel. Opp'n 2. The Commissioner notes that Wilborn
24   has specialized in social security law since 1984 and previously served as an administrative law
25   judge for the SSA, while Linden has approximately 35 years of experience with disability appeals
26   and is certified as a specialist in social security disability advocacy by the California State Bar. *Id*.
27   at 2-3. Given this collective experience, the Commissioner argues, the total hours billed in this
28   case (over 70) is excessive. According to the Commissioner, this case "involved typical

3

arguments" for social security cases and the amount of time Wilborn spent on the opening brief—47.75 hours—was unnecessary and excessive. *Id*. at 3. She also argues that the 15 hours Wilborn billed for work related to the reply brief was excessive since the only issue on reply was the remedy. *Id*. at 4. The Commissioner contends that the court should award Plaintiff no more than $7,815.90 in attorneys' fees for both Linden and Wilborn. *Id*. at 4.

"Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000). Notwithstanding the Commissioner's argument that this case was "quite simple" and "routine," the administrative record in this case was over 2,800 pages long and Plaintiff challenged the ALJ's decision on numerous grounds. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1134 n.1 (9th Cir. 2012) (noting that "the term 'routine'" as used to describe social security disability cases "is a bit of a misnomer" since such cases "are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence").

Moreover, although "a district court will always retain substantial discretion in fixing the amount of an EAJA award," *Jean*, 496 U.S. at 163, a reduction of fees greater than 10 percent requires "specific" and "persuasive" reasons from opposing counsel. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (allowing a small reduction of no more than a 10 percent at the court's discretion). Here, the Commissioner's request would result in a 50 percent reduction in the amount of fees requested by Plaintiff's counsel and appears to be based solely on defense counsel's opinion about the amount of time that Wilborn should have spent on the case. Additionally, the Ninth Circuit has instructed that courts should generally "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Id*. at 1112. Having carefully reviewed the time entries, the court finds that the number of hours claimed are not excessive. Accordingly, it awards Plaintiff $15,631.79 for 67.75 hours of work by Wilborn and 4.3 hours of work by Linden. The court also concludes that Plaintiff is entitled to fees incurred in preparing the reply brief for this motion. *Jean*, 496 U.S. at 161. Plaintiff's request for $1,957.86 for nine additional hours of work on this fees motion is reasonable.

4

Finally, as Plaintiff assigned her EAJA fees to counsel, this fee award shall be paid directly to counsel, subject to any debt offset. [*See* Administrative Record at 170-73 (representation agreement containing assignment).] *See Valle v. Berryhill*, No. 16-CV-02358-JSC, 2018 WL 1449414, at *3 (N.D. Cal. Jan. 18, 2018) ("[a]s Plaintiff assigned her EAJA fees to [counsel] (Dkt. No. 26-3), Plaintiff's award, subject to any debt offset, shall be paid directly to Plaintiff's counsel." (citing cases)).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for an award of attorneys' fees is granted in the amount of $17,589.65.

**IT IS SO ORDERED.**

Dated: October 3, 2022



Donna M. Ryu
United States Magistrate Judge